```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ZHENWANG HUANG a/k/a ZHEN-WANG HUANG,    :
                                         :
                 Petitioner,             :
                                         :    26cv551 (DLC)
           -v-                           :
                                         :    MEMORANDUM
JUDITH ALMODOVAR, et al.,                :    OPINION AND
                                         :       ORDER
                 Respondents.            :
                                         :
---------------------------------------- X
```

APPEARANCES:

For petitioner Zhenwang Huang:

Jed Wasserman
Law Office of Ng & Wasserman PLLC
27 East Broadway, 2nd Floor
New York, New York 10002

For respondents Judith Almodovar, et al.:

Jay Clayton
Brandon Waterman
U.S. Attorney's Office for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

On January 21, 2026, petitioner Zhenwang Huang, a noncitizen, was arrested and detained at 26 Federal Plaza in New York, New York by U.S. Immigration and Customs Enforcement ("ICE") during a scheduled immigration check-in. He now petitions for a writ of habeas corpus, contending that ICE violated his due process rights by detaining him without any

process. For the following reasons, the Court grants the petition and orders Huang's immediate release.

## Background

Huang is a 40-year-old man who is a citizen of China. He resides in Flushing, New York, works as a nail technician, and does not have a known criminal history. On or about March 29, 2023, Huang unlawfully entered the United States and was taken into custody by the U.S. Border Patrol, an agency within the Department of Homeland Security, near Hidalgo, Texas. On March 31, 2023, Huang was served with a notice to appear ("NTA"), which stated that he was subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). On the next day, April 1, DHS ordered Huang released on his own recognizance under INA § 236 and enrolled him in the "Alternatives to Detention" program. On April 27, 2023, Huang filed for asylum and withholding from removal with the U.S. Citizenship Service and Immigration Services. On May 16, 2023, ICE commenced removal proceedings against Huang by filing the NTA in immigration court. The removal proceedings and Huang's application for relief both remain pending.

On January 21, 2026, at approximately 11:00 a.m., Huang reported to ICE at 26 Federal Plaza in Manhattan for a scheduled check-in pursuant to his Order of Release on Recognizance.

2

There, ICE arrested and detained Huang and later cancelled the Order of Release.  Upon his arrest, Huang was served with an arrest warrant citing INA § 236 -- codified as 8 U.S.C. § 1226 -- as its basis.  The warrant does not cite INA § 235, which is codified as 8 U.S.C. § 1125.  Huang is currently detained at Delaney Hall Detention Facility in Newark, New Jersey.

On January 21, 2026, Huang filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He contends that his ongoing detention, effected that day without notice or an opportunity to be heard, is unlawful and seeks a writ ordering immediate release from custody.  On January 22, this Court set a briefing schedule.  On January 26, respondents opposed the petition.

**Discussion**

Huang's petition turns principally on three questions: first, whether, as someone who has been living in the United States for years after entering the country unlawfully, he is detained under 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention, or under 8 U.S.C. § 1226(a), which affords noncitizens various procedural rights, including the right to a bond hearing upon detention; second, if § 1226(a) applies, whether Huang's detention violated his constitutional right to due process; and, third, if there was a due process violation,

3

whether the appropriate relief is a bond hearing or immediate release.

As the parties acknowledge, although the Supreme Court and the Second Circuit have not yet spoken on these issues, this Court is not among the first in this District or nationwide to address them.  This Court joins the overwhelming majority of its peers in holding that Huang was subject to detention pursuant to § 1226(a); Huang's detention, imposed without any procedural protections, violated his due process rights; and the proper remedy for this constitutional violation is Huang's immediate release, given the nature of the constitutional violation alleged.  See, e.g., Yao v. Almodovar, 25-cv-9982 (PAE), 2025 WL 3653433, at *7-*8, *11, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases for the three holdings and noting that "more than 350 decisions -- by 160 district judges in some 50 districts -- have now rejected ICE's reading" of the INA provisions); Cardenas v. Almodovar, 25-cv-9169 (JMF), 2026 WL 3215573, at *2 (S.D.N.Y. Nov. 18, 2025) (also collecting cases).

In particular, the Court is persuaded by the recent, thorough, and well-reasoned analysis by the Honorable Paul A. Engelmayer in Yao, and adopts its reasoning as to the three issues identified above by reference.  As Judge Engelmayer explained, "under the most persuasive construction of the

4

operative statutes," which is "supported by the texts of §§ 1225(b) and 1226(a) and the statutory context in which those provisions appear," noncitizens like Huang who were "intercepted at the border, released on their own recognizance pending removal, and later detained by ICE [] are covered by § 1126, not by the mandatory detention scheme of § 1225."  2025 WL 3653433, at *3, *10.  As a result, Huang's detention, which, like Yao's, was effected without notice or an opportunity to be heard, violated his constitutional due process rights.  See id. at *10-11.  And, finally, as Judge Engelmayer reasoned, "[a] bond hearing after the fact, by definition, would not and cannot cure that constitutional violation."  Id. at *11.  Thus, like in Yao and in dozens of other cases with similarly situated petitioners, this Court orders Huang's immediate release -- a remedy that "cannot cure" the loss of liberty he has suffered since January 21 but, "relative to the procedural [remedy] of ordering a bond hearing, is the one that comes closest to doing so."  Id.

## Conclusion

Huang's petition for a writ of habeas corpus is granted. Respondents shall release Huang from custody forthwith and file certification of their compliance with the Court's Order on the docket of this case no later than 5:00 p.m. on Wednesday,

January 28, 2026. The hearing scheduled for Thursday, January 29, 2026 is hereby cancelled as moot, and the Clerk of Court is directed to close this case.

Dated:  New York, New York
        January 27, 2026

                                        _____
                                             DENISE COTE
                                        United States District Judge